## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NONEND INVENTIONS, N.V., | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| | COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| APPLE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Nonend Inventions, N.V., ("Nonend") files this complaint against the above-named defendant alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1.      Nonend is a limited liability company formed under the laws of the Netherlands with a principal place of business in Bilthoven, the Netherlands.

2.      Defendant Apple Inc. ("Apple") is a corporation organized under the laws of California.  Apple has a substantial presence in Texas, including, for example, its "Americas Operations Center" in Austin.  Apple also has a substantial presence in the district, including at least two retail stores (one in Frisco and one in Plano).  Additionally, the products accused of infringement in this action also have a substantial connection to Texas—the main processor for Apple's mobile products

1

has in the past been manufactured in Texas, and with the introduction of Apple's newest system-on-a-chip processor, the A9, manufacture of the main processor for Apple's mobile products has recently returned to Texas. Apple can be served through its resident agent for service of process in Texas: CT Corporation System; 1999 Bryan Street, Ste. 900; Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Apple has transacted business in this district and has committed acts of patent infringement in this district.

5.      Apple is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,090,862

6.     On January 3, 2012, United States Patent No. 8,090,862 ("the 862 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Initiating An Alternative Channel For Receiving Streaming Content."

7.     Nonend is the owner of the 862 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 862 patent against infringers, and to collect damages for all relevant times.

8.     Apple made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to receive streaming content using both cellular and Wi-Fi functionality (including at least its iPhone line of smartphones, as well as its iPad line of tablets that include cellular radios) (the "accused products").  By doing so, Apple has directly infringed (literally and/or under the Doctrine of Equivalents) the 862 Patent.  Apple's infringement in this regard is ongoing.

9.     Apple has also indirectly infringed the 862 Patent by inducing others to directly infringe the 862 Patent.  Apple has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 862 Patent by using the accused products.  Apple took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use

the accused products in a manner that infringes the 862 patent.  Such steps by
Apple included, among other things, advising or directing customers and end-users
to use the accused products in an infringing manner; advertising and promoting the
use of the accused products in an infringing manner; and/or distributing
instructions that guide users to use the accused products in an infringing manner.
Additionally, Apple provides services that stream content to the accused products
of end-users, including at least its iTunes service, and includes apps on its products
to interface with such services.  This induces end-users to use the accused products
in a manner that infringes the 862 Patent.  Apple's inducement is ongoing.

10.     Apple has also indirectly infringed by contributing to the infringement
of the 862 Patent.  Apple has contributed to the direct infringement of the 862
Patent by the end-user of the accused products.  The accused products have special
features that are specially designed to be used in an infringing way and that have
no substantial uses other than ones that infringe the 862 Patent.  The special
features include the ability to switch between Wi-Fi and cellular data connections
while receiving streamed content in a manner that infringes the 862 Patent.  The
special features constitute a material part of the invention of one or more of the
claims of the 862 patent and are not staple articles of commerce suitable for
substantial non-infringing use. Apple's contributory infringement is ongoing.

11.     Apple knew of the 862 Patent before the filing of this action.  Nonend disclosed its earliest US priority patent application to Apple before the filing of this action.  Apple also has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Apple has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Apple's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful ignorance) of the 862 Patent, making Apple liable both for indirect infringement and willful infringement.

12.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Apple is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,590,752

14.     On September 15, 2009, United States Patent No. 7,590,752 ("the 752 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Playing Media Content On A Media Player While Streaming The Retrieved Parts Of The Media Content To Other Devices."

15.     Nonend is the owner of the 752 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 752 patent against infringers, and to collect damages for all relevant times.

16.     Apple made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream media in an infringing manner (including at least its Mac line of computers) (the "accused products").  By doing so, Apple has directly infringed (literally and/or under the Doctrine of Equivalents) the 752 Patent.  Apple's infringement in this regard is ongoing.

17.     Apple has also indirectly infringed the 752 Patent by inducing others to directly infringe the 752 Patent.  Apple has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 752 Patent by using the accused products.  Apple took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 752 patent.  Such steps by

Apple included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 752 Patent.  Apple's inducement is ongoing.

18.     Apple has also indirectly infringed by contributing to the infringement of the 752 Patent.  Apple has contributed to the direct infringement of the 752 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 752 Patent.  The special features include the ability to stream content between the accused products in an infringing manner.  The special features constitute a material part of the invention of one or more of the claims of the 752 patent and are not staple articles of commerce suitable for substantial non-infringing use. Apple's contributory infringement is ongoing.

19.     Apple knew of the 752 Patent before the filing of this action.  Nonend disclosed its earliest US priority patent application to Apple before the filing of this action.  Nonend also specifically disclosed the 752 Patent to Apple before the filing of this action.  Apple also has knowledge of the 752 Patent at least as of the

date when it was notified of the filing of this action. Furthermore, on information and belief, Apple has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Apple's direct and indirect infringement of the 752 Patent has thus been with knowledge (or willful ignorance) of the 752 Patent, making Apple liable both for indirect infringement and willful infringement.

20.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Apple is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,779,138**

22.     On August 17, 2010, United States Patent No. 7,779,138 ("the 138 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content Between Media Players Configured To Locate Each Other."

23.     Nonend is the owner of the 138 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 138 patent against infringers, and to collect damages for all relevant times.

24.     Apple made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least its line of Mac computer products and its AppleTV line of products) (the "accused products").  By doing so, Apple has directly infringed (literally and/or under the Doctrine of Equivalents) the 138 Patent.  Apple's infringement in this regard is ongoing.

25.     Apple has also indirectly infringed the 138 Patent by inducing others to directly infringe the 138 Patent.  Apple has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 138 Patent by using the accused products.  Apple took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 138 patent.  Such steps by Apple included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

This induces end-users to use the accused products in a manner that infringes the 138 Patent.  Apple's inducement is ongoing.

26.     Apple has also indirectly infringed by contributing to the infringement of the 138 Patent.  Apple has contributed to the direct infringement of the 138 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 138 Patent.  The special features include the ability to stream content in a manner that infringes the 138 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 138 patent and are not staple articles of commerce suitable for substantial non-infringing use. Apple's contributory infringement is ongoing.

27.     Apple knew of the 138 Patent before the filing of this action.  Nonend disclosed its earliest US priority patent application to Apple before the filing of this action.  Apple also has knowledge of the 138 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Apple has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Apple's direct and indirect infringement of the 138 Patent has thus been with knowledge (or willful ignorance)

of the 138 Patent, making Apple liable both for indirect infringement and willful infringement.

28.    Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Apple is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.    Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,099,513

30.    On January 17, 2012, United States Patent No. 8,099,513 ("the 513 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content From One Or More Production Nodes Or Media Player Systems."

31.    Nonend is the owner of the 513 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 513 patent against infringers, and to collect damages for all relevant times.

32.     Apple made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least its iPhone line of smartphone products) (the "accused products").  By doing so, Apple has directly infringed (literally and/or under the Doctrine of Equivalents) the 513 Patent.  Apple's infringement in this regard is ongoing.

33.     Apple has also indirectly infringed the 513 Patent by inducing others to directly infringe the 513 Patent.  Apple has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 513 Patent by using the accused products.  Apple took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 513 patent.  Such steps by Apple included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 513 Patent.  Apple's inducement is ongoing.

34.     Apple has also indirectly infringed by contributing to the infringement of the 513 Patent.  Apple has contributed to the direct infringement of the 513

Patent by the end-user of the accused products.  The accused products have special

features that are specially designed to be used in an infringing way and that have

no substantial uses other than ones that infringe the 513 Patent.  The special

features include the ability to stream content in a manner that infringes the 513

Patent.  The special features constitute a material part of the invention of one or

more of the claims of the 513 patent and are not staple articles of commerce

suitable for substantial non-infringing use.  Apple's contributory infringement is

ongoing.

35.    Apple knew of the 513 Patent before the filing of this action.  Nonend

disclosed its earliest US priority patent application to Apple before the filing of this

action.  Apple also has knowledge of the 513 Patent at least as of the date when it

was notified of the filing of this action.  Furthermore, on information and belief,

Apple has a policy or practice of not reviewing the patents of others (including

instructing its employees to not review the patents of others), and has thus

remained willfully ignorant of Nonend's patent rights.  Apple's direct and indirect

infringement of the 513 Patent has thus been with knowledge (or willful ignorance)

of the 513 Patent, making Apple liable both for indirect infringement and willful

infringement.

36.    Nonend has been damaged as a result of the infringing conduct by

defendant alleged above.  Thus, Apple is liable to Nonend in an amount that

adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

37.    Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Apple and that the Court grant Nonend the following relief:

a.    Judgment that one or more claims of the asserted patents have been infringed, either literally and/or under the Doctrine of Equivalents, by Apple;

b.    Judgment that Apple account for and pay to Nonend all damages to and costs incurred by Nonend because of Apple's infringing activities and other conduct complained of herein;

c.    That Apple's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

    d.     A permanent injunction enjoining Apple and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the asserted patents;

    e.     Pre-judgment and post-judgment interest on the damages caused by Apple's infringing activities and other conduct complained of herein;

    f.     A declaration by the Court that this an exceptional case and an award to Nonend its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    g.     Other and further relief as the Court may deem just and proper under the circumstances.

Dated:  April 9, 2015          Respectfully submitted,

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

15

*Attorneys for Nonend Inventions N.V.*