IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NONEND INVENTIONS, N.V. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:15-CV-466 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| APPLE. INC., | § | **LEAD CASE** |
| | § | |
| Defendant. | § | |

| | |
|---|---|
| NONEND INVENTIONS, N.V., | |
| | |
| Plaintiff, | |
| | |
| v. | No. 2:15-cv-00598-JRG-RSP |
| | |
| AMAZON.COM, INC. and | Jury Trial Demanded |
| AMAZON.COM, LLC, | |
| | |
| Defendants. | |

**AMAZON'S MOTION TO DISMISS FOR IMPROPER
VENUE OR, IN THE ALTERNATIVE, FOR FAILURE TO
PROPERLY PLEAD WILLFULNESS AND INDIRECT INFRINGEMENT**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

     A.    Neither Amazon Nor Lab126 Has A Physical Presence In The Eastern District Of Texas. ..............................................................................................................2

     B.    Nonend Accuses Amazon Of Directly, Indirectly, And Willfully Infringing The '862 Patent. ..........................................................................................................2

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...............................................5

ARGUMENT ........................................................................................................................5

I.    NONEND'S CLAIMS AGAINST AMAZON SHOULD BE DISMISSED FOR IMPROPER VENUE. ........................................................................................................5

     A.    Section 1400(b) Alone Governs Venue For Patent Cases. .......................................5

     B.    Nonend Filed Its Claims Against Amazon In This  District In Violation Of Section 1400(b). ......................................................................................................6

          i.    Amazon Does Not "Reside" In Texas. ......................................................7

          ii.    Amazon Does Not Have A "Regular And Established Place Of Business" In This District. .........................................................................................7

     C.    Venue Is Not Proper Under 28 U.S.C. § 1391.......................................................9

     D.    Alternatively, The Court Should Transfer Nonend's Claims To The Northern District Of California. ............................................................................................12

II.    IF THE COURT DOES NOT DISMISS THIS CASE FOR  IMPROPER VENUE, NONEND'S WILLFULNESS AND INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED. ......................................................................................13

     A.    Nonend's Willful Infringement Claim Should Be  Dismissed. .............................13

          i.    The Complaint Lacks Factual Allegations Supporting A Plausible Inference Of Objective Recklessness And  Subjective Knowledge. .........13

          ii.    The Complaint Also Does Not Plausibly Allege That Amazon Had Pre-Suit Knowledge Of The Asserted  Patents.................................................17

     B.    Nonend's Indirect Infringement Claims Should Be Dismissed............................17

i.      The Complaint Lacks Factual Allegations That Would Plausibly Establish The Requisite Knowledge And  Specific Intent To Induce Infringement. 17

ii.     The Complaint Lacks Factual Allegations That Would Plausibly Establish The Predicates For A Contributory Infringement Claim. ..........................20

C.     Alternatively, Nonend Should Be Required To Provide A More Definite Statement Of Its Willfulness And  Indirect Infringement Claims. ........................21

CONCLUSION.....................................................................................................................21

# TABLE OF AUTHORITIES

CASES                                                                          PAGE NOS.

*Achates Reference Pub., Inc. v. Symantec Corp.*,
   No. 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013)......... 18

*Alessandra v. Colvin*,
   No. 12CV397A, 2013 WL 4046295 (W.D.N.Y. Aug. 8, 2013) ......................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................ passim

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*,
   134 S. Ct. 568 (2013)................................................................................ 6, 9, 11

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*,
   682 F.3d 1003 (Fed. Cir. 2012)........................................................................ 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................... 1, 20

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
   406 U.S. 706, 712 (1972)................................................................................... 6

*Cheng v. Schlumberger*,
   No. C 13-02641 JSW, 2013 WL 5814272 (N.D. Cal. Oct. 29, 2013) ................ 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)............................................................................... 18, 20

*Cooper v. Dep't of the Army*,
   No. 4:13CV3086, 2013 WL 6631618 (D. Neb. Dec. 17, 2013) ......................... 11

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-cv-751-JDL, D.I. 60 (E.D. Tex. June 3, 2015) ................................... 19

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)......................................................................................... 9

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)........................................................................ 17

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
   353 U.S. 222 (1957).................................................................................. passim

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)........................................................................ 20

*Funimation Entm't. v. Does 1-1,427*,
   No. 2:11-cv-00269-JRG, 2013 WL 5200453 (E.D. Tex. Sept. 16, 2013) ............ 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ................................................................................. 19, 20

*Henson v. Fidelity Nat'l. Fin., Inc.*,
   No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978 (E.D. Cal. Feb. 18, 2014) .... 11

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985) ............................................................................. 7

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................ 13, 16, 17

*InMotion Imagery Techs. v. Brain Damage Films*,
   No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ............. 14

*Kinetic Instruments, Inc. v. Lares*,
   802 F. Supp. 976 (S.D.N.Y. 1992) ...................................................................... 8

*Loyalty Conv. Sys. Corp. v. American Airlines, Inc.*,
   No. 2:13-cv-655, 2014 WL 4354130 (E.D. Tex. Sept. 2, 2014) ...................... 7, 8

*Magee v. Essex-Tec Corp.*,
   704 F. Supp. 543 (D. Del. 1988) ......................................................................... 8

*Michod v. Walker Magnetics Grp., Inc.*,
   115 F.R.D. 345 (N.D. Ill. 1987) .......................................................................... 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) .................................................................. 16

*Oasis Research, LLC v. Adrive, LLC*,
   No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483 (E.D. Tex. May 23, 2011) ...... 14

*Schnell v. Peter Eckrich & Sons, Inc.*,
   365 U.S. 260 (1961) ............................................................................................ 6

*Schoofs v. Union Carbide Corp.*,
   633 F. Supp. 4 (E.D. Cal. 1985) .......................................................................... 9

*Stonite Prods. Co. v. Melvin Lloyd Co.*,
   315 U.S. 561 (1942) ............................................................................................ 5

*Swierkiewicz v. Sorema NA.*,
   534 U.S. 506 (2002) .......................................................................................... 21

iv

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) ............................................................................ 19

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
    No. 6:12-CV-263-MHS, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ...... 16, 17

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .. 14, 19

*Underwater Devices Inc. v. Morrison-Knudsen Co.*,
    717 F.2d 1380 (Fed. Cir. 1983) ............................................................................ 16

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ................... 16

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990) ...................................................................... 9, 10

## STATUTES

28 U.S.C. § 1391 ............................................................................................... passim

28 U.S.C. § 1400(b) .......................................................................................... passim

28 U.S.C. § 1406(a) ............................................................................................. 1, 12

35 U.S.C. § 271(b) ................................................................................................... 17

# INTRODUCTION

Defendants Amazon.com, Inc. and Amazon.com LLC (collectively "Amazon") move under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to either dismiss or transfer this action to the Northern District of California due to improper venue.  Alternatively, Amazon moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Nonend Inventions, N.V.'s ("Nonend") claims for willful and indirect patent infringement.

This case should be dismissed for improper venue because Amazon has no relevant ties to the Eastern District of Texas.  Under 28 U.S.C. § 1400(b), a corporation may be sued for patent infringement only where it "resides" or, alternatively, where the defendant has allegedly committed acts of infringement *and* has a regular and established place of business.  In the context of Section 1400(b), the Supreme Court has interpreted "resides" to mean "the state of incorporation only."  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957).  As discussed below, Amazon was incorporated in Delaware and does not have a regular and established place of business in this District.  As a result, pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), the Court should either dismiss Nonend's claims against Amazon or transfer them to the Northern District of California, where venue would be proper.

If the Court does not dismiss this case despite it having been improperly filed in this District, the Court should nevertheless dismiss Nonend's willfulness and indirect infringement allegations.  Nonend's allegations contain nothing more than threadbare accusations unsupported by any facts and, as a result, do not state plausible claims for relief against Amazon for willful infringement, inducing infringement, or contributory infringement.  Those claims should therefore be dismissed for failing to meet the pleading standards of the Federal Rules of Civil Procedure as interpreted by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

AMAZON.COM'S MOTION TO DISMISS – Page 1

## STATEMENT OF FACTS

### A.      Neither Amazon Nor Lab126 Has A Physical Presence In The Eastern District Of Texas.

Amazon is a Delaware corporation with a principal place of business in Seattle, Washington.  (Complaint ¶¶ 2-3.)  Although Amazon has facilities in Texas, none of those facilities is located in the Eastern District of Texas.  (Rogers Decl. ¶ 5.)[1]  While Amazon previously considered leasing an office complex in Plano, Texas, Amazon ultimately did not lease any such office in Plano or anywhere else in the Eastern District of Texas.  (*Id*. ¶ 6.)

The accused Amazon products in this case were developed by Lab126, which is a subsidiary of Amazon.  (Somayajula Decl. ¶ 2; Thompson Decl. ¶ 6.)[2]  Lab126 is headquartered in Sunnyvale, California and developed the accused Amazon products in or near Cupertino, California.  (Somayajula Decl. ¶¶ 2, 5-6.)  Like Amazon, Lab126 does not have any facilities located within the Eastern District of Texas.  (Rogers Decl. ¶¶ 5-6.)

### B.      Nonend Accuses Amazon Of Directly, Indirectly, And Willfully Infringing The '862 Patent.

Nonend accuses Amazon of directly, indirectly, and willfully infringing U.S. Patent No. 8,090,862 ("the '862 patent") in this case.  Nonend alleges that Amazon infringes the '862 patent through its sales of products "having the ability to receiving [sic] streaming content using both cellular and Wi-Fi functionality (including at least its line of smartphone products, as well as its line of tablets that include cellular radios)."  (D.I. 1 ("Complaint") ¶ 10.)  More specifically,

---

[1] All references to "Rogers Decl." are to the Declaration of Lara Rogers In Support Of Amazon's Motion To Dismiss, filed concurrently herewith.

[2] All references to "Somayajula Decl." are to the Declaration of Siva Somayajula In Support Of Amazon's Motion To Dismiss, filed concurrently herewith.  All references to "Thompson Decl." are to the Declaration of Timothy Thompson In Support Of Amazon's Motion To Dismiss, filed concurrently herewith.

Nonend contends that Amazon's tablet and phone devices, which are known as the Kindle Fire and Fire Phone, respectively, have "special features" that "include the ability to switch between Wi-Fi and cellular data connections while receiving streamed content in a manner that infringes the 862 Patent."  (*Id.* ¶ 12.)

With respect to Nonend's willfulness allegations, Nonend alleges only post-suit knowledge of the '862 patent by Amazon and that it has some unidentified information that gives rise to its belief that Amazon instructs its employees to not review the patents of others:

> Amazon has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on *information and belief*, Amazon has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Amazon's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful ignorance) of the 862 Patent, making Amazon liable both for indirect infringement and willful infringement.

(*Id.* ¶ 13 (emphasis added).)  Because Nonend fails to identify any information that gives rise to this alleged belief, Amazon requested Nonend to identify all information Nonend relied upon in making this pleading.  (Shvodian Decl. Ex. 1.)[3]  In its response, Nonend did not identify a single fact related to Amazon.  (Shvodian Dec. Ex. 2.)  Instead, Nonend only cited to an article that discusses a policy that might exist at some technology companies.[4]  (Shvodian Decl. Ex. 3.)  The

---

[3] All references to "Shvodian Decl." are to the Declaration of Daniel T. Shvodian In Support Of Amazon's Motion To Dismiss For Improper Venue Or, In The Alternative, For Failure To Properly Plead Willfulness And Indirect Infringement, filed concurrently herewith.

[4] In the article, the author contends that some technology companies discourage their engineers from thinking about patents.  The article, however, never states that technology companies in general, much less Amazon in particular, have company-wide policies instructing employees not to review the patents of others, as alleged by Nonend.  In fact, the sole engineer quoted in the article indicates that the evaluation of patents at his company, Google, is simply left to others in the organization.  (Shvodian Decl. Ex. 3 ("As an engineer we just don't think about patents, we leave that to other parts of the organization to think about.").)

article says nothing about Amazon and therefore provides no basis for Nonend's willfulness allegation.

      With respect to Nonend's indirect infringement allegations, Nonend alleges both induced and contributory infringement.   For inducement, Nonend fails to identify a single specific fact relating to conduct by Amazon and, instead, offers only conclusory allegations:

> Amazon has also indirectly infringed the 862 Patent by inducing others to directly infringe the 862 Patent. Amazon has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 862 Patent by using the accused products. Amazon took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 862 patent. Such steps by Amazon included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.  Amazon's inducement is ongoing.

(*Id.* ¶ 11.)  Similarly, Nonend's contributory infringement allegation also consists of conclusory allegations that features were specially designed to be used in an infringing manner and that the features have no non-infringing uses:

> Amazon has also indirectly infringed by contributing to the infringement of the 862 Patent. Amazon has contributed to the direct infringement of the 862 Patent by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 862 Patent. The special features include the ability to switch between Wi-Fi and cellular data connections while receiving streamed content in a manner that infringes the 862 Patent. The special features constitute a material part of the invention of one or more of the claims of the 862 patent and are not staple articles of commerce suitable for substantial non-infringing use. Amazon's contributory infringement is ongoing.

(*Id.* ¶ 12.)

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether venue is proper against Amazon in this District under 28 U.S.C. § 1400(b) and, if so, whether the case should be dismissed or transferred.[5]  In the alternative, whether Nonend's willfulness and indirect infringement allegations should be dismissed.

## ARGUMENT

### I.   NONEND'S CLAIMS AGAINST AMAZON SHOULD BE DISMISSED FOR IMPROPER VENUE.

A long line of Supreme Court cases leaves no doubt that Section 1400(b) is the sole and exclusive venue provision in patent infringement actions.  Because Nonend cannot meet its burden of establishing that venue is proper in this District under Section 1400(b), the Court should dismiss Nonend's claims against Amazon pursuant to Fed. R. Civ. P. 12(b)(3).

### A.   Section 1400(b) Alone Governs Venue For Patent Cases.

Title 28 U.S.C. § 1400(b), which has been unchanged since 1948, provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Section 1400(b) has its origins in the Act of 1897, which Congress enacted as a result of venue abuses "to define the exact jurisdiction of the federal courts in actions to enforce patent rights."  *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 565 (1942) (citing H. Rpt. No. 2905, 54th Cong., 2d Sess. (1897)).  Since then, the Supreme Court has consistently held that: (1) Section 1400(b) is the exclusive provision controlling venue in patent cases; and (2) Section 1400(b) is not supplemented by the general venue statute, 28 U.S.C. § 1391.  *See, e.g., Stonite*,

---

[5] Pending motions seeking similar relief have been filed with this Court by Amazon and others. *See, e.g.*, Case No. 6:14-cv-00992-JRG, D.I. 23; Case No. 2:14-cv-01141-JRG, D.I. 18; Case No. 6:15-cv-00020-RWS, D.I. 21, Case No. 6:15-cv-00152-JRG, D.I. 29.

315 U.S. at 563, 567 ("[the patent venue statute] is the exclusive provision controlling venue in patent infringement proceedings" and "[the general venue provision] is, of course, not applicable to patent infringement proceedings"); *Fourco*, 353 U.S. at 229 ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."); *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (Section 1400(b) was "designed 'to define the exact jurisdiction of the [] courts in [patent infringement] matters, and not to 'dovetail with the general (venue) provisions'") (citations omitted); *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 712 (1972) ("[I]n 1897 Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation."); *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply.  *Cf.*, *e.g.*, § 1400 (identifying proper venue for copyright and patent suits.).").

The Supreme Court case law is clear: Section 1400(b) alone controls venue in patent infringement actions.

### B.   Nonend Filed Its Claims Against Amazon In This District In Violation Of Section 1400(b).

Under 28 U.S.C. § 1400(b), Nonend's claims against Amazon can be brought in this District only if Amazon (1) "resides" in this District, or (2) "has committed acts of infringement and has a regular and established place of business" in this District.  The Supreme Court has cautioned that "the language of [Section 1400(b)] is clear and specific" in defining venue requirements for patent cases.  *Schnell*, 365 U.S. at 262-64.

Nonend bears the burden of establishing that venue is proper in this District under either prong of Section 1400(b). *Funimation Entm't. v. Does 1-1,427*, No. 2:11-cv-00269-JRG, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013). Nonend cannot meet this burden.

### i.        Amazon Does Not "Reside" In Texas.

The Supreme Court has explained that the word "resides" in Section 1400(b) "in respect of corporations, mean[s] the state of incorporation only." *Fourco*, 353 U.S. at 226. Nonend acknowledges that Amazon is incorporated in Delaware. (Complaint ¶ 2.) Thus, Amazon does not "reside" in Texas for the purposes of venue under the first prong of Section 1400(b).

### ii.       Amazon Does Not Have A "Regular And Established Place Of Business" In This District.

Because Amazon is not incorporated in Texas, venue is improper unless Nonend can show under the second prong of Section 1400(b) that Amazon "has a regular and established place of business" in the Eastern District of Texas. Nonend cannot make that showing.

"[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Merely "doing business" in a district is not sufficient to constitute a "regular and established place of business" under Section 1400(b). *See, e.g.*, *Fourco*, 353 U.S. at 226 (noting Congress's intent to "make corporations [not] suable, in patent infringement cases, where they are merely 'doing business'"). Indeed, district courts have required the existence of a physical location in determining venue under Section 1400(b). *See, e.g.*, *Loyalty Conv. Sys. Corp. v. American Airlines, Inc*., No. 2:13-cv-655, 2014 WL 4354130, at *1, 5 (E.D. Tex. Sept. 2, 2014) (corporate defendant that had no office, other physical presence, or employees in this District "[did] not have a 'regular and established place of business' in the Eastern District of Texas"

under Section 1400(b), although venue was determined to be proper under Section 1391); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 987 (S.D.N.Y. 1992) (Section 1400(b) not satisfied where there was no allegation that defendant "carries on business on a permanent basis in a physical location [within the district] over which it has some control"); *Michod v. Walker Magnetics Grp., Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987) (defendant "has a regular and established place of business in a judicial district only if it actually has a place of business there; activities such as the maintenance of independent sales agents, visits by company representatives, and the solicitation of orders are not enough"); *Magee v. Essex-Tec Corp.*, 704 F. Supp. 543, 545 (D. Del. 1988) ("[W]here a defendant has a fixed business location evidenced by a business phone, letterheads and, in fact, carries on activities connected with the business at that location, then it has a regular and established place of business.").

Here, Nonend does not allege facts showing that Amazon has "a permanent and continuous presence" in the Eastern District of Texas.  Nonend does not allege that Amazon has facilities in this District.  Indeed, Amazon has never established a place of business of any kind in this District.  (Rogers Decl. ¶¶ 5-6.)  Nonend's only contentions regarding Amazon's alleged presence in this District are that Amazon supposedly "has transacted business in this district and has committed acts of patent infringement in this district" and that Amazon allegedly has "substantial business in this forum" (Complaint ¶¶ 6, 7.)  Even if these conclusory allegations were assumed to be true, they are not sufficient to meet the "permanent and continuous presence" requirement.  Although Amazon offers products and services to customers across the country, this type of nationwide commerce is not a "permanent" or "continuous" presence in this District.  *See, e.g.*, *Loyalty Conv.*, 2014 WL 4354130, at *1, 5 (venue was not proper under Section 1400(b) even though corporate defendant "ma[de] sales to persons residing in the district and offer[ed] loyalty

award credits to those customers," although venue was determined to be proper under Section 1391); *Schoofs v. Union Carbide Corp.*, 633 F. Supp. 4, 6 (E.D. Cal. 1985) (venue not proper under Section 1400(b) where all sales made within district were "subject to approval and acceptance" from headquarters outside of the district, no inventory was regularly maintained within the district, and products were shipped directly to customers from a factory outside of the district).  Instead, this is a straightforward example of "merely 'doing business'" that the Supreme Court has made clear cannot satisfy Section 1400(b).  *Fourco*, 353 U.S. at 226 (noting that Congress's treatment of the words "inhabitant" and "resident" as synonymous "seem[ed] to negative any intention to make corporations suable, in patent infringement cases, where they are merely 'doing business,' because those synonymous words mean domicile, and, in respect of corporations, the state of incorporation only"); *cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014) (explaining, with respect to general jurisdiction, that "[a] corporation that operates in many places can scarcely be deemed at home in all of them.").  Nonend has not met and cannot meet its burden to show that venue is proper in the Eastern District of Texas with respect to Amazon under Section 1400(b).

### C.      Venue Is Not Proper Under 28 U.S.C. § 1391.

In addition to Section 1400(b), Nonend's Complaint cites 28 U.S.C. § 1391—the general venue provision for civil actions—as a basis for venue in this District.  (Complaint ¶ 6.)  As detailed above, the Supreme Court has repeatedly held—as recently as 2013—that Section 1400, not Section 1391, governs venue in patent cases.  *Atl. Marine*, 134 S. Ct. at 577 n.2 ("Section 1391 governs 'venue generally,' that is in cases where a more specific venue provision does not apply.  *Cf.*, *e.g.*, § 1400 (identifying proper venue for copyright and patent suits.).").

Nonend may attempt to rely on *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), to argue that Section 1391 supplements Section 1400's definition of

"reside."  In *VE Holding*, the Federal Circuit focused on the impact of a 1988 amendment to Section 1391: Congress added the phrase "[f]or purposes of venue under this chapter" to Section 1391's definition of corporate residence.  917 F.2d at 1578.  The Federal Circuit acknowledged that, prior to this amendment, the Supreme Court had consistently held that "the meaning of the terms used in § 1400(b) was not to be altered or supplemented by other provisions found in the venue statutes."  *Id*. at 1577.  However, the Federal Circuit viewed Section 1391's new language as "exact and classic language of incorporation" that supplanted the Supreme Court precedent, which applied to "different statutory language."  *Id*. at 1579.  Thus, the Federal Circuit interpreted the 1988 amendment as evidencing Congressional intent to apply Section 1391's definition of corporate residency to all sections within chapter 87 of title 28—including section 1400(b).  *Id*. at 1580.

Amazon contends that *VE Holding* was decided wrongly and against the unambiguous Supreme Court authority discussed above.  *See, e.g.*, *Fourco*, 353 U.S. at 229 ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c).").  But the Court is not required to answer that question because *VE Holding* has been rendered moot by a more recent amendment to Section 1391.

In 2011, Congress amended Section 1391 to remove the "[f]or purposes of venue under this chapter" language, specifying instead that the Section applies "[e]xcept as otherwise provided by law."  As a result, Section 1391(a) now reads:  "*Except as otherwise provided by law*—(1) this section shall govern the venue of all civil actions brought in district courts of the United States.*"  28 U.S.C. § 1391(a) (emphasis added).  Thus, Congress has definitively eliminated *VE Holding*'s basis for treating Sections 1391 and 1400 as complementary.

This 2011 amendment leaves no doubt that Section 1391 *does not apply* if a venue statute specific to the type of civil action at issue exists.  Trial courts considering venue challenges in other areas of law have interpreted amended Section 1391 as confirming that if a more specific venue statute exists, that statute—not Section 1391—controls.  *See*, *e.g.*, *Henson v. Fidelity Nat'l. Fin., Inc.*, No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978, at *3 (E.D. Cal. Feb. 18, 2014) (concluding that venue provision from Real Estate Settlement Procedures Act, 12 U.S.C. § 2614, controlled, not Section 1391); *Cooper v. Dep't of the Army*, No. 4:13CV3086, 2013 WL 6631618, at *5 (D. Neb. Dec. 17, 2013) (venue provision from Title VII, 42 U.S.C. § 2000e-5(f)(3) controlled, not Section 1391); *Cheng v. Schlumberger*, No. C 13-02641 JSW, 2013 WL 5814272, at *2 (N.D. Cal. Oct. 29, 2013) (venue provision from Title VII, 42 U.S.C. § 2000e-5(f)(3) controlled, not Section 1391); *Alessandra v. Colvin*, No. 12CV397A, 2013 WL 4046295, at *2 (W.D.N.Y. Aug. 8, 2013) (venue provisions from Social Security Act controlled, not Section 1391).

The same is true for patent actions.  Venue in patent actions is "otherwise provided by law"—it is provided by Section 1400(b), the specific patent venue provision.  The Supreme Court has confirmed that "§ 1400 (identifying proper venue for copyright and patent suits)" is the "more specific venue provision" that applies to patent cases.  *Atlantic Marine*, 134 S. Ct. at 577 n.2.  In contrast, "Section 1391 governs 'venue generally,' that is in cases where a more specific venue provision does not apply."  *Id.*

The primacy of Section 1400 over Section 1391 for patent actions is consistent with the canon of statutory interpretation that a specific statute applies over a general statute.  *See, e.g.*, *Fourco*, 353 U.S. at 228 ("[Section] 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to all defendants in . . . patent in-

fringement actions").  It is also consistent with logic, because the two venue provisions cannot be complementary.  For example, Section 1400(b) has been consistently interpreted as barring an infringement suit against a corporation in a district outside its state of incorporation unless the corporation has a regular and established place of business (and has committed acts of infringement) in that district.  *Id.* at 226.  Section 1391(c) would remove that protection if applied to patent suits.  And if Section 1391(c)'s definition of "residency"—any district in which a defendant is subject to personal jurisdiction—is applied to corporations under Section 1400(b), Section 1400(b)'s second prong would be entirely superfluous.  Sections 1391(c) and 1400(b) cannot work together; as the Supreme Court has recognized, Section 1400(b) alone controls venue for patent actions.

For the reasons discussed above, venue in this District is improper with respect to Amazon under Section 1400(b), and Section 1391 does not apply.  Nonend's claims against Amazon should be dismissed for improper venue.

### D.    Alternatively, The Court Should Transfer Nonend's Claims To The Northern District Of California.

28 U.S.C. § 1406(a) provides that a district court may either dismiss a case for which venue is improper or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Amazon respectfully submits that if the Court does not dismiss Nonend's claims against Amazon due to improper venue, the Court should transfer those claims to the Northern District of California pursuant to § 1406(a).  As discussed above, Lab126—the Amazon subsidiary that developed the tablets and phones at issue in this case—is headquartered in Sunnyvale, CA, which is located in the Northern District of California.  (Somayajula Decl. ¶ 2.)  This case could therefore have been brought in the Northern District of California, and Amazon would not contest venue in that district.

## II.     IF THE COURT DOES NOT DISMISS THIS CASE FOR IMPROPER VENUE, NONEND'S WILLFULNESS AND INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED.

### A.     Nonend's Willful Infringement Claim Should Be Dismissed.

Nonend's willfulness claim should be dismissed because Nonend fails to plead facts that state a plausible claim for relief.  As an initial matter, the Complaint is entirely devoid of factual assertions that would plausibly support a conclusion that Amazon's conduct meets either prong of the *Seagate* willfulness test.  The Complaint also does not sufficiently allege that Amazon had the requisite pre-suit knowledge of the '862 patent, and therefore Nonend's claims of willful infringement should be dismissed on that ground as well.

### i.     The Complaint Lacks Factual Allegations Supporting A Plausible Inference Of Objective Recklessness And Subjective Knowledge.

The Complaint lacks any factual allegations establishing a plausible assertion of willful infringement under the *Seagate* willfulness test.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  To establish willful infringement, a patentee must demonstrate actual infringement, as well as: (1) an objectively high likelihood that the accused infringer's activities constituted infringement of a valid patent (i.e., objective recklessness); and (2) either subjective knowledge by the accused infringer of the risk of infringement, or a risk that was so obvious, the accused infringer should have known of it.  *Id.*; *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003, 1005-06 (Fed. Cir. 2012).  At the pleading stage, a plaintiff must plead facts sufficient to demonstrate that it is plausible—not merely possible—that it will be able to prove that both the objective and subjective prongs of the willfulness inquiry are met.  *See Iqbal*, 556 U.S. at 678.

First, Nonend does not claim that Amazon acted despite an objectively high likelihood that Amazon's activities constituted infringement of a valid patent.  (Complaint ¶ 13.)  *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013) (dismissal of willful infringement claim warranted where "USEI's allegation is devoid of any facts that create an inference of Yamaha's objective recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe"); *see also Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (granting motion to dismiss willfulness allegations where "[t]he allegations in the Complaint state that Defendants were aware of and intentionally infringed the '354 and '943 patents.  Oasis provides no further detail regarding the alleged willful infringement by Defendants.  The Court finds such allegations to be conclusory."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (complaint dismissed for not alleging any particular facts that would demonstrate InMotion's good faith basis for alleging willful infringement).  Accordingly, Nonend pleads no facts showing that Amazon acted with objective recklessness, and for that reason, Nonend's willful infringement claims should be dismissed.

Second, Nonend pleads no facts showing that Amazon actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.  Nonend instead attempts to hide its lack of a factual basis for its willfulness claim by alleging "*on information and belief*" that "Amazon has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights."  (Complaint ¶ 13 (emphasis added).)  But Nonend fails to plead a single fact that comprises such information or

provides a basis for a belief that Amazon has such a policy.[6]   Thus, Nonend's willfulness allegation amounts to nothing more than a conclusory assertion that fails to set forth facts to show that Nonend has a plausible claim to relief for willful infringement.   *Iqbal*, 556 U.S. at 678 (holding that unsupported legal conclusions are insufficient to defeat a motion to dismiss).   Indeed, the conclusory and unsupported nature of these allegations is underscored by the fact that Nonend has made the ***exact same allegation*** of this alleged policy in the twenty-five other related cases that it recently filed.[7]

Other district courts have held that such general allegations are insufficient to "plausibly support the conclusion that [a defendant] 'acted despite an objectively high likelihood that its

---

[6] When asked to identify any information that supports its willfulness allegation, Nonend's counsel could only point to an article that says nothing about Amazon.  (Shvodian Decl. Exs. 2-3.)  At best, the article shows that some engineers at another company do not concern themselves with patents and leave that issue to others at the company.  (Shvodian Decl. Ex. 3.)

[7] *See Nonend Inventions, NV v. Samsung Elecs. Am., Inc.*, 2:15-cv-473 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Huawei Techs. USA Inc. et al.*, 2:15-cv-469 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. Apple Inc.*, 2:15-cv-466 (D.I. 1 ¶¶ 11, 19, 27, 35); *Nonend Inventions, NV v. HTC Am., Inc.*, 2:15-cv-468 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. Microsoft Corp.*, 2:15-cv-471 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Motorola Mobility LLC*, 2:15-cv-472 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Dell Inc.*, 2:15-cv-467 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. ZTE (USA) Inc.*, 2:15-cv-474 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. LG Elecs. U.S.A., Inc. et al.*, 2:15-cv-470 (D.I. 1 ¶¶ 14, 22); *Nonend Inventions, NV v. BlackBerry Corp.*, 2:15-cv-604 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. AT&T Mobility, LLC*, 2:15-cv-602 (D.I. 1 ¶ 14); *Nonend Inventions, NV v. Sony Mobile Commc'ns (USA) Inc.*, 2:15-cv-622 (D.I. 1 ¶¶ 11, 19, 27, 35); *Nonend Inventions, NV v. Sharp Elecs. Corp.*, 2:15-cv-619 (D.I. 1 ¶¶ 11, 19, 27, 35); *Nonend Inventions, NV v. NEC Corp. of Am.*, 2:15-cv-618 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. Cellco P'ship d/b/a Verizon Wireless, et al.*, 2:15-cv-626 (D.I. 1 ¶ 13); *Nonend Inventions, NV v. T-Mobile USA, Inc., et al.*, 2:15-cv-624 (D.I. 1 ¶ 13); *Nonend Inventions, NV v. Sonim Techs., Inc.*, 2:15-cv-620 (D.I. 1 ¶ 11); *Nonend Inventions, NV v. Fujitsu Am., Inc., et al.*, 2:15-cv-606 (D.I. 1 ¶¶ 13, 21, 29); *Nonend Inventions, NV v. Acer Inc., et al.*, 2:15-cv-596 (D.I. 1 ¶¶ 13, 21, 29); *Nonend Inventions, NV v. Toshiba Corp., et al.*, 2:15-cv-625 (D.I. 1 ¶¶ 14, 22, 30); *Nonend Inventions, NV v. Sprint Spectrum LP, et al.*, 2:15-cv-623 (D.I. 1 ¶ 15); *Nonend Inventions, NV v. Motion Computing, Inc.*, 2:15-cv-611 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Lenovo (US) Inc.*, 2:15-cv-610 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Hewlett-Packard Co.*, 2:15-cv-608 (D.I. 1 ¶¶ 11, 19, 27); *Nonend Inventions, NV v. Panasonic Corp., et al.*, 2:15-cv-627 (D.I. 1 ¶¶ 13, 21, 29).

actions constituted infringement of a valid patent,' and that [defendant] knew or should have known that [its] actions constituted infringement of a valid patent." *MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 230 (D. Del. 2012) ("A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory[.]"); *see also Vasudevan Software, Inc. v. TIBCO Software Inc*., No. C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (granting motion to dismiss where plaintiff had "neglected to identify any affirmative actions taken by TIBCO to avoid gaining actual knowledge of the '864 patent").

Nonend's allegation that "Amazon's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful ignorance) of the 862 Patent" (Complaint ¶ 13) is thus a bare legal conclusion of the type expressly prohibited by *Iqbal*. Nonend fails to identify, explain, or allege any factual basis for the required subjective knowledge by the accused infringer of the risk of infringement, or of a risk that was so obvious that the accused infringer should have known of it, and thus the claim is "insufficient to establish a willful infringement claim." *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-CV-263-MHS, 2013 WL 8505349, at *5 (E.D. Tex. Mar. 27, 2013). Instead, Nonend's theory of willfulness arising from Amazon allegedly not seeking out the patents of others essentially seeks to re-instate the "negligence" standard of willfulness that was rejected in *Seagate*. *Seagate*, 497 F.3d at 1371 (rejecting the negligence standard and affirmative duty of care that was the law under *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983)). Accordingly, Nonend's Complaint fails to state plausible assertion of willful infringement under the *Seagate* willfulness test

and, instead, is merely "a formulaic recitation of the elements of a cause of action" that should be dismissed.

> **ii.     The Complaint Also Does Not Plausibly Allege That Amazon Had Pre-Suit Knowledge Of The Asserted Patents.**

The Complaint also does not sufficiently allege that Amazon had the requisite pre-suit knowledge of the '862 patent.  In this regard, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1371.  Thus, Nonend's allegation that "Amazon has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action" is legally insufficient on its face, since allegations of post-filing knowledge are alone insufficient to plead willful infringement.  *Touchscreen Gestures*, 2013 WL 8505349, at *2 ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim.").  Accordingly, Nonend's willful infringement claims should be dismissed.

> **B.     Nonend's Indirect Infringement Claims Should Be Dismissed.**

> **i.     The Complaint Lacks Factual Allegations That Would Plausibly Establish The Requisite Knowledge And Specific Intent To Induce Infringement.**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  For a claim of induced infringement to survive a motion to dismiss, the party's complaint must include facts that show: (1) direct infringement by another; and (2) the defendant specifically intended their customers to infringe the patent and knew that the customer's acts constituted infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.")

(internal quotations omitted);   *see also Achates Reference Pub., Inc. v. Symantec Corp*., No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013), *report and recommendation adopted*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (*citing Bill of Lading*, 681 F.3d at 1339).   In this regard, the Supreme Court recently made it expressly clear that a claim for induced infringement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'"  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1922 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)).   As the Supreme Court emphasized, a claim of induced infringement "requires proof the defendant knew the acts were infringing.   And the Court's opinion [in *Global Tech*] was clear in rejecting any lesser mental state as the standard."  *Commil*, 135 S. Ct. at 1928.  Yet,  Nonend's  Complaint  contains  no  factual  allegations  that even  hint  at  the  requisite knowledge  and  specific  intent  by  Amazon  to  induce  infringement.   The  induced  infringement claims should therefore be dismissed.

Nonend's allegations regarding inducement state that Amazon "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 862 patent" because:

> Such steps by Amazon included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

(Complaint ¶ 11.)

These  conclusory  statements  are  entirely  bereft  of:  (1)  any  allegation  that  Amazon knew that third parties were infringing the patents, much less factual allegations that would support such a bare conclusion; (2) any factual allegation supporting Nonend's bare assertion

that Amazon acted with the requisite specific intent; and (3) any allegation that Amazon even knew of the patents before the Complaint was filed.  Such sparse and conclusory allegations are insufficient to support an induced infringement claim.  *See Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630 (Fed. Cir. 2015) (providing "a lawful product by lawful means, [even] with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement.") (internal quotation marks omitted); *U.S. Ethernet Innovations*, 2013 WL 8482270, at *4 (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-751-JDL, D.I. 60 at p. 7 (E.D. Tex. June 3, 2015) (recommending granting Apple's motion to dismiss induced infringement because "generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim"). [8]

Furthermore, Nonend's allegations are primarily legal conclusions, and they do no more than recite the required elements for a claim of induced infringement.  Such "'naked assertion[s]' devoid of 'further factual enhancement'" should be disregarded when assessing the sufficiency of a claim.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Nonend's Complaint thus fails to adequately plead a factual basis for the requisite knowledge and specific intent to induce infringement.  *Global-Tech*, 131 S. Ct. at 2067 (2011) (stating that "[t]he inducement rule . . . premises liability on purposeful, culpable expression and conduct") (internal cita-

---

[8] A copy of the Report and Recommendation is attached as Ex. 4 to the Shvodian Decl.

tions omitted); *Commil*, 135 S. Ct. at 1926.  Nonend's induced infringement claims should therefore be dismissed.

> **ii.    The Complaint Lacks Factual Allegations That Would Plausibly Establish The Predicates For A Contributory Infringement Claim.**

Contributory infringement requires: (1) direct infringement by someone; (2) that the accused contributory infringer have knowledge of the patents; (3) that a component provided by the accused contributory infringer have no substantial non-infringing uses; and (4) that the component be a material part of the invention.  *See Fujitsu Ltd. v. Netgear Inc*., 620 F.3d 1321, 1326 (Fed. Cir. 2010).  The accused contributory infringer must also "know that the combination for which his component was especially designed was both patented and infringing."  *Global-Tech.*, 131 S. Ct. at 2067 (internal quotation marks omitted); *see also Commil*, 135 S. Ct. at 1926 ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").  Here, Nonend's claims should be dismissed because the Complaint lacks factual allegations supporting a plausible claim for contributory infringement.

Nonend's contributory infringement allegations are simply a "formulaic recitation of the elements of a cause of action," almost entirely devoid of factual enhancement, and are insufficient to sustain the claim.  *See Twombly*, 550 U.S. at 555.  The allegations that the accused products have "special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 862 Patent," and that "[t]he special features constitute a material part of the invention of one or more of the claims of the 862 patent and are not staple articles of commerce suitable for substantial non-infringing use," simply parrot the Federal Circuit's standard for establishing contributory infringement without providing an iota of factual information.  In this regard, Nonend's allegations lack factual assertions that would push its contributory infringement claim "across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680 (*quoting Twombly*, 550 U.S. at 570 (internal quo-

tation marks omitted)).   The claims of contributory infringement should accordingly be dismissed.

**C.    Alternatively, Nonend Should Be Required To Provide
A More Definite Statement Of Its Willfulness And
Indirect Infringement Claims.**

In the event the Court determines that Nonend's willful, contributory or induced infringement claims should not be dismissed, Amazon requests, pursuant to Fed. R. Civ. P. 12(e), a more definite statement of Nonend's infringement allegations as to these claims. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002).

Here, for all of the reasons detailed above, Nonend's allegations fail to plead the requisite elements of willful, contributory and induced infringement. The allegations also are so vague and conclusory as to frustrate Amazon's efforts to prepare a responsive pleading and a meaningful defense.   Accordingly, Nonend should, at a minimum, be ordered to provide a more definite statement of its willful, contributory and induced infringement claims.

**CONCLUSION**

The Court should dismiss Nonend's claims against Amazon or transfer those claims to the Northern District of California because venue in this District is improper.   Alternatively, the Court should dismiss Nonend's willfulness and indirect infringement allegations or require Nonend to provide more definitive statements as to those allegations.

July 14, 2015                              */s/ Jennifer H. Doan*
                                           Jennifer H. Doan
                                           Texas Bar No. 08809050
                                           Christy Samansky Hawkins
                                           Texas Bar No. 24085575
                                           HALTOM & DOAN
                                           6500 Summerhill Road, Suite 100
                                           Texarkana, TX 75505-6227
                                           Telephone: (903) 255-1000
                                           Facsimile: (903) 255-0800
                                           Email:  jdoan@haltomdoan.com
                                           Email:  chawkins@haltomdoan.com

                                           Daniel T. Shvodian
                                           Wing H. Liang
                                           PERKINS COIE, LLP
                                           3150 Porter Drive
                                           Palo Alto, CA 94304-1212
                                           Tel: (650) 838-4300
                                           Fax: (650) 838-4350
                                           DShvodian@perkinscoie.com
                                           WLiang@perkinscoie.com

                                           Matthew C. Bernstein
                                           PERKINS COIE, LLP
                                           11988 El Camino Real, Suite 200
                                           San Diego, CA 92130
                                           Tel: (858) 720-5700
                                           Fax: (858) 720-5799
                                           MBernstein@perkinscoie.com

                                           **ATTORNEYS FOR DEFENDANTS
                                           AMAZON.COM, INC. and
                                           AMAZON.COM, LLC**

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 14, 2015.

                                           */s/ Jennifer H. Doan*
                                           Jennifer H. Doan