## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NONEND INVENTIONS, N.V., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 2:15-CV-466-JRG-RSP <br><br> **LEAD CASE** <br><br> FIRST AMENDED COMPLAINT AGAINST HUAWEI <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nonend Inventions, N.V., ("Nonend") files this first amended complaint against defendants Huawei Technologies USA Inc. and Huawei Device USA Inc., under Fed. R. Civ. P. 15(a)(1)(B), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1.     Nonend is a limited liability company formed under the laws of the Netherlands with a principal place of business in Bilthoven, the Netherlands.

2.     Defendant Huawei Technologies USA Inc. and defendant Huawei Device USA Inc. (collectively "Huawei") are corporations organized under the laws of Texas.  Huawei's principal places of business, and headquarters, are in Plano, Texas.  Huawei can be served through its resident agent for service of

process in Texas:  CT Corporation System; 1999 Bryan Street, Ste. 900; Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

3.    This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Huawei has transacted business in this district and has committed acts of patent infringement in this district.

5.    Huawei is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,090,862

6.    On January 3, 2012, United States Patent No. 8,090,862 ("the 862 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Initiating An Alternative Channel For Receiving Streaming Content."

7.     Nonend is the owner of the 862 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 862 patent against infringers, and to collect damages for all relevant times.

8.     Huawei made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to receiving streaming content using both cellular and Wi-Fi functionality (including at least its line of smartphone products, as well as its line of tablets that include cellular radios) (the "accused products").  By doing so, Huawei has directly infringed (literally and/or under the Doctrine of Equivalents) the 862 Patent.  Huawei's infringement in this regard is ongoing.

9.     Huawei has also indirectly infringed the 862 Patent by inducing others to directly infringe the 862 Patent.  Huawei has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 862 Patent by using the accused products.  Huawei took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 862 patent.  Such steps by Huawei included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or

distributing instructions that guide users to use the accused products in an infringing manner.  Huawei's inducement is ongoing.

10.     Huawei has also indirectly infringed by contributing to the infringement of the 862 Patent.  Huawei has contributed to the direct infringement of the 862 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 862 Patent.  The special features include the ability to switch between Wi-Fi and cellular data connections while receiving streamed content in a manner that infringes the 862 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 862 patent and are not staple articles of commerce suitable for substantial non-infringing use. Huawei's contributory infringement is ongoing.

11.     Huawei has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Huawei has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Huawei's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful

ignorance) of the 862 Patent, making Huawei liable both for indirect infringement and willful infringement.

12.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Huawei is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,779,138

14.     On August 17, 2010, United States Patent No. 7,779,138 ("the 138 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content Between Media Players Configured To Locate Each Other."

15.     Nonend is the owner of the 138 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 138 patent against infringers, and to collect damages for all relevant times.

16.     Huawei made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least its smartphone line of products) (the "accused products").  By doing so, Huawei has directly infringed (literally and/or under the Doctrine of Equivalents) the 138 Patent.  Huawei's infringement in this regard is ongoing.

17.     Huawei has also indirectly infringed the 138 Patent by inducing others to directly infringe the 138 Patent.  Huawei has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 138 Patent by using the accused products.  Huawei took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 138 patent.  Such steps by Huawei included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 138 Patent.  Huawei's inducement is ongoing.

18.     Huawei has also indirectly infringed by contributing to the infringement of the 138 Patent.  Huawei has contributed to the direct infringement

of the 138 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 138 Patent.  The special features include the ability to stream content in a manner that infringes the 138 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 138 patent and are not staple articles of commerce suitable for substantial non-infringing use. Huawei's contributory infringement is ongoing.

19.     Huawei has knowledge of the 138 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Huawei has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Huawei's direct and indirect infringement of the 138 Patent has thus been with knowledge (or willful ignorance) of the 138 Patent, making Huawei liable both for indirect infringement and willful infringement.

20.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Huawei is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less

than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,099,513

22.     On January 17, 2012, United States Patent No. 8,099,513 ("the 513 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content From One Or More Production Nodes Or Media Player Systems."

23.     Nonend is the owner of the 513 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 513 patent against infringers, and to collect damages for all relevant times.

24.     Huawei made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least its smartphone line of products) (the "accused products").  By doing so, Huawei has directly infringed (literally and/or under the Doctrine of Equivalents) the 513 Patent.  Huawei's infringement in this regard is ongoing.

8

25.     Huawei has also indirectly infringed the 513 Patent by inducing others to directly infringe the 513 Patent.  Huawei has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 513 Patent by using the accused products.  Huawei took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 513 patent.  Such steps by Huawei included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 513 Patent.  Huawei's inducement is ongoing.

26.     Huawei has also indirectly infringed by contributing to the infringement of the 513 Patent.  Huawei has contributed to the direct infringement of the 513 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 513 Patent.  The special features include the ability to stream content in a manner that infringes the 513 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 513 patent and are not staple articles of commerce

9

suitable for substantial non-infringing use. Huawei's contributory infringement is ongoing.

27.     Huawei has knowledge of the 513 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Huawei has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Huawei's direct and indirect infringement of the 513 Patent has thus been with knowledge (or willful ignorance) of the 513 Patent, making Huawei liable both for indirect infringement and willful infringement.

28.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Huawei is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## **JURY DEMAND**

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Huawei and that the Court grant Nonend the following relief:

a.      Judgment that one or more claims of the asserted patents have been infringed, either literally and/or under the Doctrine of Equivalents, by Huawei;

b.      Judgment that Huawei account for and pay to Nonend all damages to and costs incurred by Nonend because of Huawei's infringing activities and other conduct complained of herein;

c.      That Huawei's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

d.      A permanent injunction enjoining Huawei and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the asserted patents;

e.      Pre-judgment and post-judgment interest on the damages caused by Huawei's infringing activities and other conduct complained of herein;

f.      A declaration by the Court that this an exceptional case and an award to Nonend its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.     Other and further relief as the Court may deem just and proper under

the circumstances.

Dated:  July 14, 2015                    Respectfully submitted,

                                         */s/ Califf T. Cooper*
                                         Matthew J. Antonelli (lead attorney)
                                         Texas Bar No. 24068432
                                         matt@ahtlawfirm.com
                                         Zachariah S. Harrington
                                         Texas Bar No. 24057886
                                         zac@ahtlawfirm.com
                                         Larry D. Thompson, Jr.
                                         Texas Bar No. 24051428
                                         larry@ahtlawfirm.com
                                         Califf T. Cooper
                                         Texas Bar No. 24055345
                                         califf@ahtlawfirm.com
                                         ANTONELLI, HARRINGTON
                                         & THOMPSON LLP
                                         4306 Yoakum Blvd., Ste. 450
                                         Houston, TX 77006
                                         (713) 581-3000
                                         (713) 581-3020 fax

                                         *Attorneys for Nonend Inventions N.V.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July 2015, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record.

                                         */s/ Califf T. Cooper*
                                         Califf T. Cooper

12