**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NONEND INVENTIONS, N.V.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:15-cv-00466-JRG-RSP<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| NONEND INVENTIONS, N.V.,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Civil Action No. 2:15-cv-00472-JRG-RSP<br><br>(CONSOLIDATED)<br><br>JURY TRIAL DEMANDED |

**MOTOROLA MOBILITY LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S
WILLFUL INFRINGEMENT CLAIMS**

Defendant Motorola Mobility LLC ("Motorola") respectfully submits this Partial Motion to Dismiss Plaintiff's Willful Infringement Claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   STATEMENT OF FACTS

Plaintiff Nonend Inventions, N.V. ("Plaintiff" or "Nonend") filed its Complaint for Patent Infringement (the "Complaint") against Motorola on April 9, 2015.  (Compl., Dkt. No. 1.).  The Complaint alleges infringement of three patents:  U.S. Patent No. 8,090,862 (the "'862 Patent") (*see id.* ¶¶ 8-12); U.S. Patent No. 7,590,752 (the "'752 Patent") (*see id.* ¶¶ 16-20); and, U.S. Patent No. 7,779,138 (the "'138 Patent") (collectively, the "patents-in-suit") (*see id.* ¶¶ 24-28).

The Complaint alleges both pre- and post-filing willful infringement of each patent; the plaintiff's allegations relating to the '862 Patent, below, are representative:

> Motorola had knowledge of the 862 Patent before the filing of this action. Nonend disclosed its earliest US priority patent application to Motorola before the filing of this action. Motorola also has knowledge of the 862 Patent at least as of the date when it was notified of the filing of this action. Furthermore, on information and belief, Motorola has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Motorola's direct and indirect infringement of the 862 Patent has thus been with knowledge (or willful ignorance) of the 862 Patent, making Motorola liable both for indirect infringement and willful infringement.

Compl. ¶ 11; *see also id.* ¶¶ 19, 27.

## II.   ARGUMENT

### A.   Motion to Dismiss Standard.

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. When presented with a motion to dismiss for failure to state a claim, a court accepts all of the complaint's well-pleaded facts as true, but is not required to accept unwarranted factual inferences and may disregard any legal conclusions. *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, 919 F.Supp.2d 787, 794 (E.D. Tex. 2013); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Next, a court determines whether the well-pleaded facts alleged in the complaint are sufficient to show that the plaintiff has a claim that is "plausible on its face." *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673, 678 (E.D. Tex. 2014) (quoting *Iqbal*, 556 U.S. at 678); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A claim is only plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). By contrast, "'[a] complaint that merely pleads facts that are *consistent* with a defendant's liability 'stops short of the line between possibility and plausibility . . . .'" *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1332 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 546) (emphasis added).

**B.    Plaintiff's Willful Infringement Claims Should Be Dismissed Because the Complaint Fails to Allege that Motorola Acted Despite an Objectively High Risk that its Actions Constituted Infringement of the Patents-in-Suit.**

To maintain a claim of willful infringement, Plaintiff must allege that Motorola acted despite an objectively high risk that its actions constituted infringement of the patents-in-suit. *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc); *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013). This Court has stated that an allegation of willful infringement must, at a minimum, allege that "defendants received notice of the patents-in-suit and that their continued alleged infringement is objectively reckless." *Ganas, LLC v. Dell, Inc.*, No. 2:12-CV-324-JRG-RSP, 2013 U.S. Dist. LEXIS 123299, at *9 (E.D. Tex. Jul. 25, 2013).

The Complaint fails to satisfy that minimal requirement because it contains no reference to whether Motorola's acts are objectively reckless. Instead, it merely alleges that Motorola has knowledge of the patents-in-suit and that the alleged infringement is ongoing. *See* Compl. ¶¶ 8-11, 16-19, 24-27. Thus, the claims of willful infringement should be dismissed because they fail

to allege that Motorola acted despite an objectively high risk that its actions constituted infringement of the patents-in-suit.[1]

> **C.    Plaintiff's Willful Infringement Claims Should Be Dismissed Because the Complaint Fails to Allege that Motorola Had the Requisite Pre-Filing Knowledge of the Patents-in-Suit.**

To maintain a willful infringement claim, Plaintiff must demonstrate that Motorola "knew about the patent and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-CV-263-MHS, 2013 WL 8505349, at *3 (E.D. Tex. Mar. 27, 2013) (dismissing willfulness claim based on plaintiff's failure to plead pre-filing knowledge of the patents-in-suit). The Federal Circuit instructed that a willfulness claim asserted in the plaintiff's original complaint "must necessarily be grounded exclusively in the accused infringer's <u>pre-filing conduct</u>." *In re Seagate*, 497 F.3d at 1374 (emphasis added).  The Complaint lacks any factual allegation regarding Motorola's pre-filing knowledge of the patents-in-suit.

First, the Complaint alleges that Motorola had actual, pre-filing knowledge of the patents-in-suit as a result of Nonend's disclosure of "its earliest US priority patent <u>application</u> to Motorola before the filing of this action."  Compl. ¶¶ 11, 19, 27 (emphasis added).  The Federal Circuit and this District have held that knowledge of a patent application that eventually resulted in the asserted patent is not by itself enough to demonstrate willfulness.  *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *see also Smartflash LLC v. Apple Inc.*, No.

---

[1] *See U.S. Ethernet Innovations, LLC*, 2013 WL 8482270, at *5 ("As it stands, USEI's allegation is devoid of any facts that create an inference of Yamaha's objective recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe.  Without more, USEI's allegation of willful infringement fails to provide adequate notice.").

6:13CV447-JRG-KNM, 2015 WL 661276, at *1 (E.D. Tex. Feb. 13, 2015) ("As Defendants note, knowledge of a patent application is not enough on its own to 'establish willfulness.'"); *Anascape, Ltd. v. Microsoft Corp.*, 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008).  Because the patents-in-suit did not exist at the time Motorola allegedly gained knowledge of the patent applications, the Complaint cannot support a reasonable inference that Motorola knew or should have known that its actions constituted infringement of a valid patent.

Second, the Complaint alleges that Motorola became aware of the patents-in-suit at least as of the date the Complaint was filed.  Compl. ¶¶ 11, 19, 27.  That allegation alone cannot serve as the basis for a willful infringement claim.  *See In re Seagate*, 497 F.3d at 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").  This Court has dismissed willful infringement allegations under Rule 12(b)(6) when only post-filing willfulness was alleged and the plaintiff did not seek a preliminary injunction.[2]

> 1. *Plaintiff's Allegations of Willful Ignorance or Willful Blindness Are Not Substitutes for Actual Pre-Filing Knowledge of the Patents-in-Suit.*

Plaintiff attempted to overcome the lack of actual pre-filing knowledge by alleging that Motorola "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus remained willfully ignorant of Nonend's

---

[2] *See, e.g., Touchscreen Gestures, LLC v. Research in Motion Ltd.*, No. 6:12-CV-263-MHS, 2013 WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) (filing of the complaint does not provide sufficient notice to support post-filing willful infringement claims); *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343, 2010 WL 3768097, at *3 (E.D. Tex. Sept. 10, 2010) *report and recommendation adopted*, No. 2:09-CV-343-DF-CE, 2010 WL 3835118 (E.D. Tex. Sept. 28, 2010) (dismissing post-filing willfulness claim without concurrent request for a preliminary injunction).

patent rights."  Compl. ¶¶ 11, 19, 27.  Willful ignorance, however, does not substitute for the requirement of actual knowledge in the context of willful infringement.

The Supreme Court has allowed for willful blindness only to serve as a substitute for actual knowledge in a claim for <u>indirect</u> infringement.  *See Global-Tech Appliances, Inc. v. SEB S.A*, 131 S. Ct. 2060, 2070 (2011).  But there is no comparable support for pleading willful ignorance as a substitute for actual knowledge in a claim for willful patent infringement.

Motorola is aware of only one unpublished, district court opinion in which willful blindness was considered as a potential alternative to actual pre-suit knowledge.  *See Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *4-6 (N.D. Cal. May 18, 2012).  And that court dismissed the plaintiff's willful infringement claim because the plaintiff failed to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-at-issue.  *Id.* at *6.

> 2.   *Plaintiff Has Not Established that Motorola's Alleged Willful Blindness Constitutes Pre-Filing Knowledge of the Patents-in-Suit.*

Even if they were in the context of a claim for indirect infringement, Plaintiff's allegations of willful blindness would be deficient.  At a minimum, Plaintiff would have to allege that Motorola "believed that [Nonend] held the patent-in-suit or a patent that was substantially similar, and that [Motorola] deliberately avoided verifying that belief."  *Boundaries Solutions Inc. v. CoreLogic, Inc.*, No. 5:14-CV-761-PSG, 2014 WL 7463708, at *3 (N.D. Cal. Dec. 30, 2014) (dismissing plaintiff's willful infringement claim).  Plaintiff has not alleged anything of the sort.  And in any event, courts in other jurisdictions have dismissed claims for willful blindness (in the context of indirect infringement claims) when the allegations of willful

blindness were substantially more detailed than Plaintiff's allegations here.[3]  Thus, Plaintiff's willful infringement claims should be dismissed because the Complaint fails to allege that Motorola had the requisite pre-filing knowledge (either actual knowledge or knowledge under the doctrine of willful blindness) of the Patents-in-Suit.  Moreover, *In re Seagate* requires that a willfulness claim asserted in the plaintiff's original complaint "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d at 1374.  As a result, Motorola respectfully submits that pre-filing knowledge is required to state a claim for post-filing willful infringement, and thus Plaintiff's claims for post-filing willful infringement should be dismissed.[4]

### III.   <u>CONCLUSION</u>

Motorola respectfully requests that the Court dismiss Plaintiff's willful infringement claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[3] *See, e.g., Pacing Technologies, LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN-WMC, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013) (dismissing plaintiff's willful infringement claim as too speculative where plaintiff alleged that defendant had pre-filing knowledge of plaintiff's patent based on defendant's participation in the same market as the plaintiff, defendant's large patent portfolio, and defendant's patent sophistication); *Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, No. CV 13-2012-SLR, 2014 WL 5780877, at *5 (D. Del. Nov. 5, 2014) (dismissing plaintiff's willful infringement claim).

[4] Motorola recognizes that the Court in *Mobile Telcoms. Techs., LLC v. HTC Am., Inc.* stated "*Seagate* did not create a per se bar to a post-filing willful infringement claim as a general rule. *Mobile Telcoms. Techs., LLC v. HTC Am., Inc.*, 2015 U.S. Dist. LEXIS 41103 at *3-4 (E.D. Tex. Mar. 6, 2015).  But at a minimum, the Court should dismiss Plaintiff's pre-filing willful infringement claims because the Complaint fails to allege that Motorola had pre-filing knowledge of the Patents-in-Suit.

Dated:  July 14, 2015                    Respectfully submitted,

                                         */s/ Fred I. Williams*
                                         Fred I. Williams *(Lead Attorney)*
                                         Texas State Bar No. 00794855
                                         fwilliams@akingump.com
                                         AKIN GUMP STRAUSS HAUER & FELD LLP
                                         600 Congress Avenue, Suite 1350
                                         Austin, Texas 78701
                                         Telephone: 512.499.6200
                                         Facsimile:  512.499.6290

                                         *Attorneys for Motorola Mobility LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of July, 2015, with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Fred I. Williams*