IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NONEND INVENTIONS, N.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-466-JRG-RSP |
| | § | |
| APPLE. INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant Motorola Mobility LLC's Motion to Dismiss Plaintiff Nonend Inventions, N.V.'s Willful Infringement Claims. (Dkt. No. 202.) Motorola asks the Court to dismiss Nonend's pre-filing willful infringement claim because Nonend has not alleged facts showing that Motorola had pre-filing knowledge of the Asserted Patents. Motorola also asks the Court to dismiss Nonend's post-filing willful infringement claim because Nonend has not alleged facts showing that Motorola was objectively reckless. The Court has considered the parties' arguments and **RECOMMENDS** Motorola's Motion to Dismiss (Dkt. No. 202) be **GRANTED** as to Nonend's pre-filing willful infringement claim and **DENIED** as to Nonend's post-filing willful infringement claim.

### APPLICABLE LAW

**A.     Motion to Dismiss Standard**

When a Court considers a motion to dismiss under Rule 12(b)(6) it must assume that all well plead facts are true and must view those facts in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *See Lone Star Fund V*

*(U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby*, 681 F.3d at 217 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.    Willful Infringement Standard**

Finding willful infringement requires a two-prong analysis. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1381–82 (Fed. Cir. 2014). First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Second, "if the [] objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

## ANALYSIS

**Pre-filing Willful Infringement**

Motorola asserts the "Amended Complaint lacks any factual allegation regarding Motorola['s] [] pre-filing knowledge of the patents-in-suit." (Dkt. No. 202 at 4.) Motorola contends that the complaint only alleges that Motorola had pre-filing knowledge of the patent application but does not allege that Motorola had pre-filing knowledge of the Asserted Patents themselves. (Dkt. No. 202 at 4–5.)

Nonend argues that it does not need to allege that Motorola had pre-filing knowledge of the Asserted Patents. Nonend says, under *Global-Tech*, the complaint only needs to allege that Motorola took "deliberate, affirmative steps to avoid learning of . . . Nonend's patent rights" in

order to allege facts for a pre-filing willful infringement claim. (Dkt. No. 266 at 4 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011).)

The Court finds that Nonend has not alleged facts sufficient to sustain a pre-filing willful infringement claim. The Court addresses two related issues. First, Motorola argues the Federal Circuit held in *State Industries* that knowledge of a patent application, even if it later issues as a valid patent, "is not by itself enough to demonstrate willfulness." (Dkt. No. 202 at 5 (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).) Based on this rule, Motorola says because "the patents-in-suit did not exist at the time Motorola [] allegedly gained knowledge of the patent applications, the Amended Complaint cannot support a reasonable inference that Motorola [] knew or should have known that its actions constituted infringement of a valid patent." (Dkt. No. 202 at 5.)

The Court notes that Motorola's argument does not squarely address Nonend's argument. Nonend alleges that Motorola willfully infringed because it had notice of the patent application and took affirmative steps to avoid learning of the Asserted Patents in light of that information. Nonend does not allege that Motorola willfully infringed solely because Motorola had notice of Nonend's patent application.

Nonend's argument, thus, does not run afoul of *State Industries*. In *State Industries*, the Federal Circuit held that knowledge of a patent application alone cannot support a finding of willful infringement. *State Indus.*, 751 F.2d at 1236 ("Against this factual background, we are constrained to agree with Smith that there can be no 'willful infringement.' To willfully infringe *a patent*, the patent must exist and one must have knowledge of it."). The Federal Circuit did not hold that willful blindness cannot be triggered by actual notice of a patent application or that willful blindness cannot support a finding of willful infringement. *See i4i Ltd. P'ship v.*

3

*Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was **aware of the asserted patent**, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'") (quoting *Seagate*, 497 F.3d at 1371) (emphasis added).

Second, Motorola says "Nonend alleges [] it has adequately pleaded willful infringement based on 'willful blindness'" but notes Nonend "does not cite a single case that applies willful blindness to willful infringement." (Dkt. No. 295 at 2.) Motorola argues that even if "willful blindness" could "provide an element of willful infringement" the facts "cited by Nonend [do not] refer to any policies and practices by Motorola . . . ." but instead refer to general facts about the software industry which "are not sufficient to plausibly state a claim of willful infringement." (Dkt. No. 295 at 2.)

Nonend contends that even if the facts alleged are not "enough to prove a case of willful blindness" "all that [is] needed [at the pleading stage] [is a] reasonable basis to believe that discovery would show that [Motorola] ha[s]such policies." (Dkt. No. 325 at 2.) Nonend contends Motorola "affirmatively adopted policies and practices instructing [its] employees to not read the patents of others" which amounts to taking "'affirmative' steps . . . to remain willfully blind to Nonend's patent rights." (Dkt. No. 325 at 2.)

The Court does not address if "willful blindness" can serve as a substitute for actual knowledge in an allegation of willful infringement. The Court only finds that Nonend has not alleged facts, if taken as true, that are sufficient to show that Motorola was "willfully blind" to the Asserted Patents. In *Global-Tech*, the Supreme Court held a patentee could prove induced patent infringement by showing an alleged infringer was "willfully blind" to the existence of a patent. *Global-Tech*, 131 S. Ct. at 2069. The Supreme Court based its holding on the rationale

that a defendant should not be able to avoid liability by "deliberately shielding [itself] from clear evidence of critical facts that are strongly suggested by the circumstances." *Global-Tech*, 131 at 2068–69.

The Court also held that "willful blindness" requires two elements. A defendant must (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate action to avoid learning of that fact. *Global-Tech*, 131 at 2070. "Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070–71. "By contrast, a reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing." *Id.* at 2071.

Here, the parties do not dispute that Nonend notified Motorola of its patent application long before this case was filed. But the parties also do not dispute that Nonend has not alleged that the claims in the Asserted Patents, for example, are similar to the claims in the patent application that Nonend disclosed to Motorola. Therefore, even if Motorola had investigated Nonend's patent application no facts suggest that Motorola could subjectively believe there was a high probability it would infringe the claims in Asserted Patents. As the Federal Circuit has said, "filing an application is no guarantee any patent will issue . . . . [w]hat the scope of the claims in patents that do issue will be is something totally unforeseeable." *State Indus.*, 751 F.2d at 1236. Furthermore, the Court finds Motorola's policy of asking its employees to ignore patents and patent applications does not per-se constitute "willful blindness." The Court finds that more must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to "surpass recklessness and negligence" and rise to the level of "willful blindness." *Global-Tech*, 131 at 2070.

**Post-filing Willful Infringement**

Motorola contends that knowledge of the Asserted Patents derived from the filing of this case "alone cannot serve as the basis for a willful infringement claim." (Dkt. No. 202 at 5.) Motorola says "[t]his Court has dismissed willful infringement allegations under Rule 12(b)(6) when only post-filing willfulness was alleged and the plaintiff did not seek a preliminary injunction." (Dkt. No. 202 at 5.)

The Court rejects Motorola's argument that a failure to seek a preliminary injunction means that that Nonend's post-filing willfulness claims must be dismissed. The Court notes that Federal Circuit precedent does not require a patentee to seek a preliminary injunction before it can assert a claim of post-filing willful infringement. In *Aqua Shield*, for example, the Federal Circuit held "[o]ur opinion in *Seagate* expressly connects findings of willfulness to preliminary-injunction rulings. But it also states no rigid rule, and it notes that preliminary injunctions can be denied even when a defendant has not raised 'substantial question[s]' about invalidity or infringement." *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 773–74 (Fed. Cir. 2014) (citations omitted).

## CONCLUSION

For the reasons stated above the Court **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 202) be **GRANTED** as to the pre-filing claims of willful infringement and **DENIED** as to the post-filing claims of willful infringement. A party's failure to file written objections to the findings, conclusions, and recommendations in this report by **March 25, 2016** shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P.

72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 11th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE